UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KHANG DAO,

        Plaintiff,

    v.

URBAN PERIPHERALS, INC.,

        Defendant.

Case No. 25-cv-05651-LJC

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 17

Plaintiff Khang Dao voluntarily dismissed his case against Urban Peripherals, Inc. (UPI) without a court order pursuant to Rule 41(a)(1)(A)(i) on October 30, 2015, after reporting that he and UPI had reached a settlement agreement resolving the action. ECF Nos. 9, 14. The case was then closed. Plaintiff now moves to enforce the alleged settlement agreement. ECF No. 17. Plaintiff dismissed the case before UPI filed an answer, moved for summary judgment, or otherwise appeared in the matter.

Plaintiff represents that, under the settlement agreement, UPI agreed to pay him $21,277.28 in two installments within "thirty business days of the later of" the effective date of the settlement agreement or "Defendant's receipt of the required tax forms and executed documents. *Id.* at 2. Plaintiff represents that he "complied with the obligations required under the Agreement" but that UPI "failed and refused to make the settlement payments required by the Agreement." *Id.* at 3. Plaintiff contends that the Court has jurisdiction to enforce the settlement agreement and order compliance because the agreement "expressly provides that the Court shall retain jurisdiction to enforce the settlement agreement." *Id.* at 4. Plaintiff did not file a copy of the settlement agreement with his motion nor include an affidavit attesting to the terms of the settlement agreement or UPI's alleged breach. *See* Civil L.R. 7-5(a).

United States District Court
Northern District of California

United States District Court
Northern District of California

The Court is concerned that it lacks jurisdiction to rule on the motion.  Once a case has been dismissed, "[e]nforcement of the settlement agreement . . . requires its own basis for jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).[1]  District courts are courts of limited jurisdiction and thus may only hear cases that they have subject matter jurisdiction over.  *Id.* at 377.  The usual bases for subject matter jurisdiction are diversity jurisdiction and federal question jurisdiction; however, courts also may assert ancillary jurisdiction over matters "relating to the court's power to protect its proceedings and vindicate its authority," such as enforcing its orders.  *Id.* at 380.  Courts may exercise ancillary jurisdiction to enforce settlement agreements "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal," such as when the terms of the settlement agreement are incorporated in the order or if the order of dismissal provides that the court retains jurisdiction over the settlement agreement.  *Id.*  This is because when a dismissal order incorporates the terms of a settlement agreement, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist."  *Id.* at 381.  Courts do not have ancillary jurisdiction to enforce settlement agreements where the dismissal order is silent as to the retention of jurisdiction, even where the court is aware of the settlement agreement.  *See id.* at 377, 382 (holding that district court lacked jurisdiction over motion to enforce settlement where "[t]he Stipulation and Order did not reserve jurisdiction in the District Court to enforce the settlement agreement; indeed, it did not so much as refer to the settlement agreement.").

Here, Plaintiff voluntarily dismissed the action "without a court order that either embodied the terms of the settlement or expressly retained jurisdiction."  *Murtaugh v. Star Sci. Ltd.*, No. SACV 15-0113, 2018 WL 6136817, at *6 (C.D. Cal. May 11, 2018) (finding that the Court lacked ancillary jurisdiction over motion to enforce settlement agreement where plaintiff voluntarily dismissed case, but there was an independent basis for jurisdiction as the requirements for

---

[1] Plaintiff argues that district courts "possess inherent authority to enforce settlement agreements entered into by the parties in cases pending before them."  ECF No. 17 at 3.  While correct, this is inapplicable given that the case is closed.  *See Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).

United States District Court
Northern District of California

diversity jurisdiction were satisfied).  UPI's alleged breach of the settlement agreement thus did not violate or implicate any order entered by the Court, and, pursuant to *Kokkonen*, does not appear to provide a basis for ancillary jurisdiction.  *See Kokkonen*, 511 U.S. at 380-81; *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (explaining that when an "initial action is dismissed, federal jurisdiction terminates," and a subsequent "motion to enforce the settlement agreement, then, is a separate contract dispute").  Although Plaintiff explains that the settlement agreement "expressly provides that the Court shall retain jurisdiction to enforce the settlement agreement," "[p]arties cannot confer jurisdiction by stipulation or consent."  ECF No. 17 at 4; *Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993).

Plaintiff is accordingly ORDERED TO SHOW CAUSE why the Court has jurisdiction to decide the pending motion to enforce the settlement agreement by explaining why the Court has ancillary jurisdiction over this matter or showing that there is an "independent basis" for jurisdiction.  *Kokkonen*, 511 U.S. at 382.  Plaintiff shall file a response to this Order by April 24, 2026.

Plaintiff shall serve a copy of their Motion, this Order, and Plaintiff's reply on UPI within five days of the issuance of this order.

**IT IS SO ORDERED.**

Dated: April 10, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge