UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KHANG DAO,

        Plaintiff,

    v.

URBAN PERIPHERALS, INC.,

        Defendant.

Case No. 25-cv-05651-LJC

**FURTHER ORDER TO SHOW CAUSE**

Re: Dkt. No. 22

Plaintiff Khang Dao's further response to the Court's Order to Show Cause raises more questions than it answers. ECF No. 22. There are four particularly worrying issues.

First, in his motion for enforcement of the settlement agreement, Plaintiff represented that "the Parties entered into a written Confidential Settlement Agreement And Mutual Release effective August 30, 2025." ECF No. 17 at 2. Plaintiff subsequently filed a copy of the purported settlement agreement, signed by Plaintiff only and dated August 27, 2025. *See* ECF No. 20 at 10. The Court ordered Plaintiff to file a copy of the fully executed settlement agreement. ECF No. 21. Plaintiff then filed what appears to be a copy of the settlement agreement, dated October 9, 2025, signed by Craig Urban on behalf of Urban Peripherals only. ECF No. 22 at 14. In Plaintiff's further response to the Court's Order to Show Cause, he explains that the "parties engaged in substantial settlement negotiations" after this case began, exchanged "written settlement documents reflecting" the material terms of an agreement, and "confirmed their agreement through communications between counsel." *Id.* at 2. Per Plaintiff, "defense counsel repeatedly represented that he would obtain Defendant's signature," and "Defendant has never disputed the substance of the agreed terms and has offered no justification for its refusal to execute the agreement." *Id.* at 2-3. This is concerning. Plaintiff's statement that Defendant refused to

execute the agreement contradicts his earlier representation that the parties entered into a written agreement on August 30, 2025.  Moreover, Plaintiff's representation that Defendant refused to execute the agreement would be false if Defendant in fact signed the agreement on October 9, 2025.  *See id.* at 14.  It is not clear to the Court if Defendant signed the settlement agreement on August 30, 2025; if Defendant signed the settlement agreement but not until October 9, 2025; or if Defendant never signed the settlement agreement.

Second, the Court previously ordered Plaintiff to explain why the Court has jurisdiction to rule on the motion to enforce the settlement agreement.  ECF No. 18 at 3.  It explained that once a case has been dismissed, "federal jurisdiction terminates." *Id.* (quoting *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995)).  "A motion to enforce the settlement agreement . . . is a separate contract dispute requiring its own independent basis for jurisdiction." *O'Connor*, 70 F.3d at 532.  Courts may have jurisdiction to enforce settlement agreements via ancillary jurisdiction in cases where the court expressly retains jurisdiction in its dismissal order, or where the motion to enforce the agreement creates federal question or diversity jurisdiction. *Id.*; *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1995).  Courts do not have jurisdiction over motions to enforce settlement agreements "simply because the subject of that settlement was a federal lawsuit." *O'Connor*, 70 F.3d at 532.  Plaintiff argues that the Court has jurisdiction over the motion to enforce because his "Complaint asserts claims under" federal law, namely ERISA.  ECF No. 22 at 3.  But, as explained above, the fact that the underlying case raised federal questions such that the Court had jurisdiction over it does not mean that, once that case is dismissed, the Court automatically has jurisdiction over subsequent motions to enforce settlement agreements arising out of the dismissed case.  Plaintiff must demonstrate that the Court has jurisdiction over the "separate contract dispute" at issue; that is, the enforcement of the settlement agreement. *O'Connor*, 70 F.3d at 532.  Plaintiff's further response provided no explanation why the Court could exercise federal question jurisdiction over the settlement agreement dispute.

Third, in his response to the Court's Order to Show Cause, Plaintiff represented that he could "supplement [t]he record to establish complete diversity of citizenship and demonstrate that the amount in Controversy when considering all damages, enforcement relief, and potential

additional Obligations satisfies the jurisdictional threshold." ECF No. 20 at 3. The Court ordered Plaintiff to file a response providing factual support for this statement. ECF No. 21. Plaintiff's further response states:

> Plaintiff is informed and believes, and on that basis alleges, that Plaintiff Khang Dao is a Citizen of a state different from Defendant Urban Peripherals, Inc. A corporation is deemed a citizen of both its state of incorporation and the state where it maintains its principal place of business. Defendant Urban Peripherals, Inc. is therefore a citizen of its state of incorporation and principal place of business, neither of which shares Plaintiff's citizenship. Accordingly, complete diversity exists.

> The amount in controversy requirement is also satisfied. . . . . Here, Plaintiff seeks recovery of pension and profit-sharing benefits, statutory remedies, equitable relief including production of plan documents, and attorneys' fees under ERISA. When aggregated, these categories of relief readily exceed the $75,000 jurisdictional threshold.

ECF No. 22 at 5 (internal citations omitted). This response, completely lacking in substance and attested facts, does not demonstrate complete diversity of the parties or provide any basis for Plaintiff's claim that the amount in controversy at issue in the motion to enforce the settlement agreement exceeds $75,000. This suggests to the Court that Plaintiff lacks a factual basis to support his earlier representation that he could show complete diversity of citizenship and that the amount in controversy met the jurisdictional threshold.

Fourth and finally, there is no indication that Defendant was ever served with the summons and complaint. This is not, in and of itself, an issue: Plaintiff was free to voluntarily dismiss the case before serving Defendant. *See* Fed. R. Civ. P. 41(a)(1)(A). But Defendant did not oppose the motion for enforcement of the settlement agreement, and, to date, Plaintiff has not filed any proofs of service indicating that he provided Defendant with a copy of the motion or the Court's subsequent Order to Show Cause, despite the Court's order that he do so. *See* ECF Nos. 18, 21; Fed. R. Civ. P. 5(a) (requiring that written motions, except those that may be heard ex parte, be served on every party). The Court is thus concerned that Defendant did not receive adequate notice of Plaintiff's motion or the Court's subsequent Order.[1]

---

[1] Plaintiff, confusingly, requests that the Court "permit filing of proofs of service." ECF No. 22 at 2. The Court ordered Plaintiff to file proofs of service. *See* ECF No. 21. For the avoidance of

Plaintiff is accordingly ordered to file, by April 24, 2026, a declaration by Plaintiff's counsel under penalty of perjury that:

- Explains whether the parties executed a settlement agreement in this case, and, if so, when the agreement was executed and became effective.

- Explains whether Plaintiff provided Defendant notice of Plaintiff's motion to enforce the settlement agreement or the Court's Order to Show Cause, and, if so, when (specifying the dates), and how notice was provided.

- Explains the factual basis for Plaintiff's representation that there is complete diversity between the parties and the amount in controversy at issue in the settlement agreement exceeds $75,000, including explaining what state Plaintiff is a citizen of under 28 U.S.C. § 1332(a); or otherwise explain that basis for the Court's subject matter jurisdiction over the motion to enforce.

The declaration may include any additional facts and exhibits relevant to the Court's concerns regarding Plaintiff's responses to its Order to Show Cause, as described above.

Plaintiff's counsel is reminded of his obligations under Federal Rule of Civil Procedure 11(b), which provides that any "pleading, written motion, or other paper" presented to the Court may not be presented for any improper purpose; all legal contentions therein must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and all factual contentions therein must "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Failure to comply with Rule 11(b) may result in sanctions, including but not limited to monetary sanctions. *See* Fed. R. Civ. P. 11(c)(3).

//

//

//

doubt, Plaintiff shall file proofs of service verifying that Defendant was served with Plaintiff's motion to enforce the settlement agreement (ECF No. 17) and the Court's Order to Show Cause (ECF No. 18) no later than April 24, 2026.

United States District Court
Northern District of California

Plaintiff shall serve a copy of this Order on Defendant pursuant to the procedures provided in Federal Rule of Civil Procedure 5(b) and shall file a copy of his proof of service no later than April 24, 2026.

**IT IS SO ORDERED.**

Dated: April 21, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

5